UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENNIS SPOON ATKINSON                        CIVIL ACTION

VERSUS                                        NUMBER: 06-5820

NOPD                                          SECTION: "I"(5)

**REPORT AND RECOMMENDATION**

On August 30, 2006, pro se plaintiff, Dennis Spoon Atkinson, tendered the above-captioned 42 U.S.C. §1983 complaint to court for filing along with an application to proceed in forma pauperis ("IFP").  The Court subsequently denied plaintiff's request to proceed IFP based on his failure to fully complete the application therefor. (Rec. doc. 2).  Rather then simply completing the IFP application and providing the necessary information to the Court, plaintiff paid the full $350 civil action filing fee approximately five months later on March 1, 2007, at which time one summons was issued and was mailed to plaintiff for the purpose of serving the named defendant in the manner prescribed by Rule 4, Fed.R.Civ.P.

(Rec. docs. 3, 4).  That mailing was later returned to the Court as undeliverable.  (Rec. doc. 5).  On April 17, 2007, plaintiff appeared at the Clerk's Office and requested the re-issuance of summons as to the one named defendant which was done that day.  (Rec. docs. 6, 7).  That was the last activity that has occurred in this case.

Notwithstanding plaintiff's failure to serve the named defendant and to file proof thereof in the record within the time prescribed by Rule 4(m), Fed.R.Civ.P., and his apparent failure to keep the Court apprised of a current address for mailing purposes as required by Local Rules 11.1E and 41.3.1.E, the Court is authorized to consider the sufficiency of plaintiff's complaint on its own initiative. Guthrie v. Tifco Industries, 941 F.2d 374, 379 (5th Cir. 1991), cert. denied, 503 U.S. 908, 112 S.Ct. 1267 (1992). Having done so, the Court readily concludes that plaintiff's complaint fails to state a claim under §1983 for which relief can be granted as to the sole named defendant, the New Orleans Police Department ("NOPD"), because police departments of cities are not suable under that statute. Banks v. U.S., et al., 2007 WL 1030326 at *11 (E.D. La. 2007); Eddy v. City of Miami, 715 F.Supp. 1553, 1556 (S.D. Fla. 1989); Shelby v. City of Atlanta, 578 F.Supp. 1368, 1370 (N.D. Ga. 1984).  Moreover, plaintiff's complaint contains no statement of claim as required by Rule 8(a), Fed.R.Civ.P., thus

subjecting the complaint to dismissal on that basis as well. Boudeloche v. Grow Chemical Coatings Corp., 728 F.2d 759, 761-62 (5th Cir. 1984); In Re Santa Barbara Like It Is Today Copyright, 94 F.R.D. 105 (D. Nev. 1982). For these reasons, it will be recommended that plaintiff's suit be dismissed.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the plaintiff's suit be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  28th  day of _____June_____, 2007.

_____
UNITED STATES MAGISTRATE JUDGE